### BRANTLEY *et al. v.* LEE *et al.,* commissioners.

1. A contract to build a bridge over a watercourse which divides two counties must be let at public outcry after due advertisement. If the contract is likely to cost a sum greater than $5,000, the advertisement shall be once a week for eight weeks; if less than $5,000, once a week for four weeks. Civil Code, §§ 419, 420. By virtue of these code sections the proper authorities of the two counties, preparatory to the construction of the bridge, are required to make or have made specifications of the contemplated structure, and to estimate its probable cost, and to advertise for bidders four or eight weeks, according as the estimate of the cost be less or greater than $5,000. Where the proper county authorities bona fide believe that the bridge is not likely to cost a greater sum than $5,000, and advertise the letting of the contract for four weeks, the contract will not be rendered illegal because the contractual costs may exceed $5,000, if there be no fraud or collusion, or the disparity between the estimated and the contractual cost be not so gross as to suggest official misconduct or dereliction of duty.

2. A stream is not navigable, requiring the assent of the War Department of the United States to the construction of a bridge over it, where the stream is not one capable of bearing upon its bosom, either for the whole or a part of the year, boats loaded with freight in the regular course of trade.

3. Other questions raised on the interlocutory hearing depended for their solution on conflicting evidence. Accordingly there was no abuse of discretion in refusing an interlocutory injunction.

MARCH 11, 1913.

Petition for injunction. Before Judge Rawlings. Screven superior court. October 23, 1912.

*T. J. Evans* and *White & Lovett,* for plaintiffs.

*E. K. Overstreet* and *J. C. Hollingsworth,* for defendants.

EVANS, P. J. The Ogeechee river divides the counties of Screven and Bulloch. The authorities of these two counties were proceeding to construct two bridges across this watercourse, when certain citizens and taxpayers of Screven county filed their petition to enjoin the letting of the contracts for the construction of the bridges. The court refused an interlocutory injunction.

1. A contention of the plaintiffs in error is that one of the bridges was let at a sum greater than $5,000, that under the statute a contract to build a bridge to cost more than this sum is invalid unless notice in a public gazette has been published once a week for eight weeks, and that the notice here was published for a less period of time. The code provides that whenever it becomes necessary to build a bridge over any watercourse which divides two counties, the proper authorities of both counties shall cause the same to be built by letting out the contract therefor to the lowest bidder at public outcry, after having advertised the letting of the contract. Whenever the contract is likely to cost a sum greater than $5,000, the proper officers of these counties shall give notice in the public gazettes wherein the sheriff's sales are advertised, once a week for eight weeks; but if the work to be done is likely to cost less than $5,000, the notice shall be published once a week for four weeks. Civil Code, §§ 419, 420. By virtue of these code sections the proper authorities of the two counties, preparatory to the construction of a bridge spanning a watercourse which divides the counties, are required to make or have made specifications of the contemplated structure, and to estimate its probable cost, and to advertise for bidders four or eight weeks, according as the estimate of the cost be less or greater than $5,000. The legislative scheme seems to be that the cost of the bridge is to be primarily estimated by the parties charged by law with the duty of its construction. Where from a careful estimate they bona fide believe that the bridge is not likely to cost a greater sum than $5,000, advertisement of only four weeks is required. It could hardly have been the purpose of the General Assembly to require a readvertisement of the letting of the contract, if the difference between the estimated cost and the

lowest amount bid was not an unreasonable amount. The enjoyment of these public conveniences should not be postponed by repeated advertisements, when it is apparent that the county officials are acting in good faith, and the disparity between the estimated and the proposed contractual cost is not so gross as to suggest official misconduct or dereliction of duty on the part of the county officials. The evidence in this case authorized a finding that the county authorities made a bona fide effort to estimate the cost of the bridge spanning the river at Rocky Ford, and in their opinion the cost of the bridge would not exceed $5,000. They took the advice of dealers in bridge material as to its probable cost. It also appeared that there was an increase in value in the cost of structural material during the interval between the estimate and the letting of the contract. At the interlocutory hearing it appeared that the contract for the building of the bridge had been let for the sum of $8,500. Under the circumstances appearing before the judge, we can not say that the difference between these two amounts is so large as to invalidate the contract.

2, 3. It was further contended that the construction of the bridge was illegal, because the county authorities were without sufficient funds to pay for the same during the current year; because the bridge did not connect with existing public roads; and because the stream over which the bridge was to be constructed was navigable, and the consent of the War Department had not been procured. As to the sufficiency of funds, and the existence of the public roads leading to the bridge abutments, the evidence was conflicting. The testimony showed that the Ogeechee river at those points was not a navigable stream according to the Civil Code, § 3631, which defines a navigable stream as one capable of bearing upon its bosom, either for the whole or a part of the year, boats loaded with freight in regular course of trade.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*